# COURT OF ERRORS AND APPEALS.

OWEN J. HESSION, plaintiff below and in error *vs.* MAYOR AND COUNCIL OF WILMINGTON, defendant below and in error.

WRIT OF ERROR TO THE SUPERIOR COURT FOR NEW CASTLE COUNTY.

**Practice, Writ of Error. Jurisdiction.** –No writ of error will lie, except to a judgment actually entered or rendered in the Court below.

**Same.**–-Where the jury disagreed and the parties agreed in writing that a bill of exceptions should be signed as if a verdict for defendant had been rendered, and a bill of exceptions was signed, the writ of error was dismissed for want of jurisdiction.

This was an action on the case to recover damages for the flooding of a storehouse and premises, with water which backed up from a public sewer by reason, it was alleged of its incapacity to carry off the same. At the trial below the jury returned that they were " unable to agree " and were discharged.

At the January Term, 1894, the counsel for the plaintiff and defendant filed the following agreement:

And now to wit, this third day of January, A. D. 1894, it is agreed by and between the parties to the above entitled cause through their respective attorneys that in order that said cause may be reviewed in error by the Court of Errors and Appeals, said cause shall be treated in all respects in the same manner as if trial thereof in the Superior Court had resulted in a verdict in favor of the defendant and against the plaintiff; and further that, together with the record of said cause, all the testimony therein as taken by the Court Stenographer, and also the charge of the Court shall

be transmitted to the Court of Errors and Appeals for its consideration; and, further, that no objection shall be taken by or on behalf of the defendant in error for or by reason of any omission on the part of the plaintiff in error heretofore to have his bill of exceptions signed or to file in the Court of Errors and Appeals his assignments of error or any other paper or papers whatsoever, any such omission being hereby waived by the defendant in error; and, further, that this agreement shall be filed in said cause in the Superior Court as part of the record thereof.

The counsel for the plaintiff, having noted their exceptions to the charge to the jury, the Chief Justice did, upon their request, sign and seal a bill of exceptions to the charge of the Court to the jury, and the refusal of the Court to charge the jury as requested. The record was sent up and the cause came on to be heard in this Court at the January term, 1894, before WALCOTT, Ch. and GRUBB and MARVEL, JJ., upon the question whether the writ of error would lie in such a case.

*Levi C. Bird, J. F. Ball* and *A. E. Sanborn,* for the plaintiff.

*Bradford* and *Vandegrift,* for the defendant.

GRUBB, J., delivered the opinion of the Court.

The record of this cause in the Superior Court in and for New Castle County is brought here pursuant to a writ of error issued out of this Court.

Upon examination of said record it appears that the jury empaneled to try the cause below having failed to agree were discharged by the Court and that the Chief Justice thereupon did sign and seal the plaintiff's bill of exceptions to the charge of the Court to the jury and the refusal of the Court to charge the jury as requested by the counsel for the plaintiff below.

It also appears by a written agreement signed by the counsel on both sides and filed in the Court below as part of the record

thereof, that it was agreed by and between the parties to said cause "that in order that said cause may be reviewed in error by the Court of Errors and Appeals, said cause shall be treated in all respects in the same manner as if trial thereof in the Superior Court had resulted in a verdict in favor of the defendant; and further that together with the record of said cause, all the testimony therein, as taken down by the Court stenographer, and also the charge of the Court shall be transmitted to the Court of Errors and Appeals for its consideration.

But said record nowhere discloses that any judgment has been entered or rendered in said cause below. In fact, as we have been informed here of counsel for both parties, there has been none.

It is urged, however, that said parties have expressly agreed that this cause may be reviewed in error by this Court. But the jurisdiction of this Court to issue writs of error to the Superior Court is derived from the Constitution of the State and cannot be conferred by mere consent of the respective parties to a cause therein.

The provisions of Section 7, Article 6 of the Constitution, which confers upon the Court jurisdiction to issue writs of error to the Superior Court and to determine finally all matters in error in the judgment and proceedings of said Court, applies to judgments and proceedings therein of a final character.

Upon careful investigation of the record now before us, we fail to find any judgment or decision of a final character in the cause in the Court below, within the meaning and operation of said constitutional provision, and therefore the writ of error must be dismissed.